UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**BENNIE GIBSON**,                                              :
                                                                :
                     Plaintiff,  :
                                                                :   **MEMORANDUM DECISION AND**
       – against –                               :   **ORDER**
                                                                :
                                                                :   23-CV-9503 (AMD) (RML)
**EDWARD CABAN**, the City Commissioner                         :
NYPD & Deputy Commissioner; **KINGS**                           :
**COUNTY DISTRICT ATTORNEY OFFICE**                             :
**SUPERVISORS AND PROSECUTORS**                                 :
**PROSECUTING INDICTMENT;**                                     :
**HONORABLE JUDGES PRESIDING** in                               :
**LITIGATION; NICHOLAS WILTZIE**,                               :
Attorney; **ADAM SOLOMON URIS, ESQ.**                           :
Attorney,                                                       :
                                                                :
                     Defendant.  :

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff, who is barred by court order from filing *in forma pauperis* complaints unless he demonstrates that he is in "imminent danger of serious physical injury," seeks permission to file a complaint in which he alleges violations of 42 U.S.C. § 1983. (ECF No. 1; ECF No. 2.) The Clerk of Court issued a notice of deficient filing with respect to the plaintiff's first *in forma pauperis* motion, (ECF No. 5); the plaintiff re-filed the motion on January 24, 2023, (ECF No. 7). The plaintiff is granted *in forma pauperis* status for the limited purpose of this Order. For the following reasons, the motion for leave to file is denied with leave to amend.

**BACKGROUND**

On April 30, 2002, the Honorable Sterling Johnson, Jr,[1] barred the plaintiff from filing future *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(g),[2] unless he demonstrated "imminent danger of serious physical injury." (*See Gibson v. Wise*, No. 01-CV-8382, ECF No. 10; *Gibson v. Vega*, No. 01-CV-8379, ECF No. 9.) Judge Johnson specified that in order to file a complaint in the future the plaintiff must: (i) request written authorization from the Court to file the action, (ii) allege with specificity the imminent danger of serious physical injury, (iii) attach the proposed complaint, and (iv) attach a copy of the Court's April 30, 2002 order. (*Id.*)

The plaintiff, who is currently incarcerated at Rikers Island, does not claim that he is in "imminent danger of physical injury." Rather, he requests an evidentiary hearing and oral argument on "whether the clerks judges of Federal Court system are covering for police court misconduct through 28 U.S.C. 1915." (ECF No. 2 at 4.) He also claims that he "[has] a problem where [he] is continuously falsely arrested by police agencies." (*Id.*) He says that "[w]hile riding a Mountain Bike on Greenpoint Ave at night time in Feb 2023 upon belief I noticed NYPD (clocking) me or simply conducting surveillance approx. 9:11 p.m. (guess)." (*Id.*) A police officer allegedly arrested him for "[breaking] into a van and remov[ing] a spool of wire," (*id.*), conduct which the plaintiff denies; he maintains that he "is being falsely arrested due to territory issues and US EDNY & SDNY Maintain I am a vexaous [sic] litigant." (*Id.*) He seeks $10,000,000 in damages. (*Id.*) As with the motion for leave to file, nothing in the complaint describes a "imminent danger of serious physical injury."

---

[1] Judge Johnson passed away in October 2022.

[2] This statute provides: "In no event shall a prisoner bring a civil action [in forma pauperis] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

2

**LEGAL STANDARD**

The district court must dismiss an *in forma pauperis* complaint if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

**DISCUSSION**

Congress enacted the "imminent danger" exception as a "safety valve" to prevent "imminent" harms to prisoners otherwise barred from proceeding *in forma pauperis*. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). This "danger must be present when [the plaintiff] files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (stating that imminent danger claims must be evaluated at the

3

time the complaint is filed, rather than at the time of the events alleged); *Taylor v. Biden*, No. 23-CV-9082, 2024 WL 96692, at *1 (S.D.N.Y. Jan. 8, 2024).

Section 1915(g) further requires an adequate nexus "between the imminent danger" and "the legal claims asserted in [the plaintiff's] complaint." *Pettus*, 554 F.3d at 297. This evaluation requires the Court to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298–99. Allegations demonstrating "imminent injury" "are those in which [the plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).

Here, the plaintiff describes a false arrest in February 2023; he also alleges a pattern of targeted police behavior and "continuous[]" false arrests. However, he alleges no facts that suggest that he was in imminent danger of serious physical injury when he filed his complaint in December 2023. *See Chavis*, 618 F.3d at 169–70 (holding that the plaintiff's "feared physical injury must be serious" and conclusory claims of imminent danger are insufficient).

Accordingly, the plaintiff's motion for leave to file is denied. *See, e.g.*, *Sloane v. Dougherty*, No. 19-CV-6844, 2019 WL 13439727, at *1 (S.D.N.Y. July 24, 2019) (denying the plaintiff's motion in connection with complaint alleging false arrest and malicious prosecution).

Generally, when addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Notwithstanding this rule, however, even when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not

4

absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan County*, 499 F. Supp. 259, 262 n.9 (S.D.N.Y.1980); *accord Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *6 n.27 (N.D.N.Y. Aug. 21, 2007).  As is the case here, an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

## CONCLUSION

The plaintiff's motion for leave to file is denied.  The Clerk of Court is directed to mail a copy of this order to the plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                           s/Ann M. Donnelly

                                                           ANN M. DONNELLY
                                                           United States District Judge

Dated: Brooklyn, New York
         March 11, 2024